---

## KNOP v DECHART et al.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

1. WITNESS—EXAMINATION—REFERENCE TO UNVERIFIED MODEL.
    In an action for injuries caused by falling into an unguarded excavation, a model designed to represent the excavation at the time of the accident may be used merely for the purpose of enabling plaintiff to examine a witness, though there is no proof of the accuracy of the model.

2. APPEAL—HARMLESS ERROR.
    Error cannot be predicated on a ruling of the court permitting a party improperly to offer a paper in evidence, where it does not appear that the party availed himself of the ruling.

Appeal from superior court of Buffalo, trial term.

Action by William Knop against William C. Dechart and another for personal injuries. From a judgment in favor of defendants for $94.67 costs, and from an order denying a motion for a new trial, made on the minutes of the court, plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Herman Hennig, for appellant.
A. J. Sigman, for respondents.

ADAMS, J. This action was brought by the plaintiff to recover damages by reason of personal injuries which he claims to have received in consequence of his driving, in the nighttime, into an excavation which the defendants had negligently permitted to remain open and unguarded in a street in the city of Buffalo, which excavation was made by the defendants in order to obtain a sewer connection with a certain house located at the corner of Broadway and Mill streets, in that city. The action was tried at a term of the superior court held in the city of Buffalo on the 18th day of March, 1895, and resulted in a verdict in favor of the defendants. A motion was thereafter made, upon the judge's minutes, for a new trial, upon the ground of newly-discovered evidence, which motion was denied. The plaintiff appealed from both the judgment and the order, but has apparently abandoned the appeal so far as the order is concerned, and upon the argument based his contention for a new trial upon two exceptions which were taken to the admission of evidence by the trial court.

It appears that during the progress of the trial the defendants' counsel introduced a model, which we infer, from the rather indefinite description thereof contained in the record, was designed to represent the ditch in question at the time the accident occurred. When the model was produced it was stated by the counsel that it was simply for the purpose of enabling him to examine a wit-

ness by the name of Rosseau. The plaintiff's counsel objected to the model being used for any purpose, inasmuch as there was no proof of its accuracy, or that it was a correct representation of the ditch at the time of the accident. The court overruled the objection, limiting the use of the model to illustrating what the defendants claim was the situation of the trench and its surroundings, and the plaintiff's counsel excepted to this ruling. It is to be observed that this exhibit was not received in evidence. It was produced in court, and it was employed by the defendants' counsel during the examination of this witness, in order that the witness might have a better understanding of the questions which were asked him, and might answer the same more intelligently. We do not think that, for this purpose, it was absolutely essential that the defendants should verify the model thus used, before proceeding with the examination of the witness in aid of whose evidence it was employed. It frequently happens, during the progress of a trial, that counsel, or even witnesses themselves, refer to some object in the court room, or to some rough sketch hastily made, for the purpose of illustrating to the court and jury the bearing of evidence which otherwise might be unintelligible; and we cannot see that this mode of examination is liable to produce injury which either party could complain of. It certainly did not in the case under consideration. The model itself was not in evidence, and consequently proved nothing. So far as we are able to judge from the meager record furnished us, it simply served to illustrate upon which side of the ditch a lantern had been placed, and the effect of the light therefrom. Had the defendants been prevented from using it the same result could and would, doubtless, have been reached, by employing some other means; and in either case the plaintiff might have deprived the evidence of its full value by showing that the illustrating medium was inaccurate.

The other exception was taken to the ruling of the court which allowed the defendants to offer in evidence a permit from the department of public works to make the excavation complained of; but notwithstanding this ruling it does not appear that the defendants availed themselves of it, for the record does not disclose that the permit was actually received in evidence. We fail to see, therefore, wherein the plaintiff was harmed by the ruling to which the exception relates.

The judgment and order appealed from should be affirmed. All concur.